UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>David Guitard</u>

      v.                            Civil No. 24-cv-296-LM
                                       Opinion No. 2025 DNH 065 P

<u>A.R. Couture Construction Corporation</u>


## **O R D E R**

Plaintiff David Guitard brings suit against A.R. Couture Construction Corporation ("A.R. Couture"), his former employer, under the Employee Retirement Income Security Act of 1974 (ERISA). <u>See</u> 29 U.S.C. § 1001 et seq. A.R. Couture has not responded to Guitard's complaint, and the clerk of the court has entered a default against A.R. Couture. Presently before the court is Guitard's motion for default judgment. Doc. no. 4. For the following reasons, the motion (doc. no. 4) is granted.

## **STANDARD OF REVIEW**

When default has been entered and the relief sought includes anything other than a "sum certain," a "party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1) & (b)(2); <u>see also</u> KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).

The defaulted party is "taken to have conceded the truth of the factual allegations in the complaint." Ortiz–Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). The

defaulted party does not, however, "admit the legal sufficiency of [the] claims." United States v. Sullender, Civ. No. 16-cv-523-LM, 2018 WL 1368040, at *1 (D.N.H. Mar. 16, 2018) (quoting 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013)). "In other words, before entering default judgment, the court must determine whether the admitted facts state actionable claims." Id.; see also Ramos-Falcón v. Autoridad de Energía Electríca, 301 F.3d 1, 2 (1st Cir. 2002) (on a motion for default judgment the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.").

Additionally, when "[f]aced with a motion for default judgment, a district court must exercise sound judicial discretion in determining whether the judgment should be entered." Sullender, 2018 WL 1368040, at *1 (quoting Fin. of Am. Reverse, LLC v. Carmona-Vargas, No. 16-1661, 2018 WL 522317, at *1 (D.P.R. Jan. 23, 2018)).

## BACKGROUND[1]

Guitard was an employee of A.R. Couture for approximately thirty-seven years. Starting on or around May 1, 1998, and continuing until the end of his employment on or around June 1, 2023, Guitard was a participant in the A.R. Couture Construction Corp. Retirement Plan (the "Plan"). Guitard was a member of the Plan for approximately 25 years.

---

[1] The facts are drawn from the complaint and are deemed admitted due to A.R. Couture's default. Fonovisa, 277 F.3d at 62–63.

The Plan is an employee benefit profit-sharing plan governed by ERISA. 29 U.S.C. §§ 1002(2)(A), 1003(a).[2] The terms of the Plan are established in a Summary Plan Description (the "Plan Document"), as required by ERISA. At all relevant times, Arthur Couture was: (1) the sole owner of A.R. Couture; (2) the president of A.R. Couture; and (3) the trustee of the Plan's assets. Also throughout the relevant period, A.R. Couture was the "Plan Administrator" of the Plan. 29 U.S.C. § 1002(16)(A). Both Arthur Couture and A.R. Couture were fiduciaries to the Plan. 29 U.S.C. § 1002(21)(A).

Guitard received annual statements regarding the Plan for some years but not others. In particular, he did not receive any statements for Plan years ending in 2016-2020, or 2022-2023.[3] Guitard required annual plan statements to understand any changes to the plan assets that occurred within a given year, and to understand the total sum of benefits he would be entitled to receive upon his retirement.

After numerous unsuccessful attempts to obtain the missing statements from A.R. Couture, Guitard retained counsel to assist in obtaining the statements. Guitard's counsel wrote a letter to A.R. Couture in its capacity as the Plan Administrator on October 27, 2023, formally requesting that A.R. Couture provide

---

[2] The fact that the Plan is governed by ERISA is apparent given the allegations that the Plan was established by A.R. Couture as an employer for purposes of providing ongoing retirement benefits to its employees. 29 U.S.C. §§ 1002(2)(A), 1003(a); see, generally Wickman v. Nw. Nat. Ins. Co., 908 F.2d 1077, 1082 (1st Cir. 1990) (discussing the criteria for determining whether an employee benefit program is subject to ERISA).

[3] The Plan year ran from May 1 to April 30. Annual plan statements were dated April 30 of each year.

the missing statements. In that letter, Guitard's counsel explained that Guitard was entitled to the statements under the terms of the Plan as articulated in the Plan Document. Guitard's counsel sent the letter to the Plan Administrator (A.R. Couture) at the address designated in the Plan Document, and requested a response within 10 business days. As with Guitard's prior requests, that letter went unanswered. Guitard's counsel sent a follow-up letter to the designated address on November 27, 2023, which also went unanswered.

Unable to obtain a response from the designated Plan Administrator, Guitard's counsel identified the attorney listed as the registered agent of A.R. Couture in the New Hampshire Secretary of State's public register. Guitard's counsel contacted A.R. Couture's registered agent on December 12, 2023, and repeated Guitard's request for the missing statements. A.R. Couture's registered agent responded on December 14, 2023, indicating that he would forward the request to Arthur Couture and follow-up when he had additional information.

These emails were the beginning of an exchange of correspondence that spanned from December 2023 to September 2024. Initially, A.R. Couture's registered agent explained that A.R. Couture would provide the requested statements, but that, in order to do so, it would need to first conduct a census of the account. Between February and March of 2024, Guitard's counsel repeatedly inquired as to the status of the census, and A.R. Couture's registered agent repeatedly replied that it was not yet completed. This pattern continued throughout

the spring and summer of 2024, with Guitard's counsel repeatedly seeking updates on the census and the requested statements, and A.R. Couture's registered agent repeatedly responding that the census had not been completed, and the statements could not yet be provided.

Following nearly 10 months of such correspondence that had not yielded any indication of when the required census would be completed, or when the requested statements would be provided, Guitard's counsel made a final request for the statements on September 4, 2024. In an email to A.R. Couture's registered agent, Guitard's counsel stated that if Guitard did not receive the requested statements by September 12, 2024, he would file a lawsuit in federal court. Guitard did not receive the requested statements by September 12, and Guitard's counsel filed a complaint initiating this action on September 20, 2024.

The same attorney that served as A.R. Couture's registered agent executed a waiver of service on November 13, 2024, which was filed on the docket. That waiver of service included the following statement:

> I . . . understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 11/13/2024, the date when this request was sent . . . . If I fail to do so, a default judgment will be entered against me or the entity I represent.

Doc. no. 3. The 60-day deadline to answer the complaint passed on January 13, 2025, without any further filings from A.R. Couture. The clerk of the court entered a default against A.R. Couture on April 23, 2025.

**DISCUSSION**

Guitard seeks a default judgment granting three forms of relief: (1) an order from the court directing A.R. Couture to provide the requested statements; (2) statutory damages in the amount of $45,000; and (3) reasonable attorney fees and costs. The court may grant default judgment and award the requested relief, without a hearing, where the court "has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." Universitas Educ., LLC v. Granderson, 98 F.4th 357, 378 (1st Cir. 2024) (quoting In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002)).

I.    The Court Has Jurisdiction Over the Subject Matter and the Parties

The court has federal question jurisdiction over the subject matter of this action because Guitard's claims arise under ERISA. Alexandre v. Nat'l Union Fire Ins. Co. of Pittsburgh, 22 F.4th 261, 269 (1st Cir. 2022); 28 U.S.C. § 1331. The court has personal jurisdiction over A.R. Couture because A.R. Couture is a corporation with its primary place of business in Berlin, New Hampshire.

II.   Guitard has Stated a Claim for Relief Under 29 U.S.C. § 1132(c)(1)

ERISA provides that an administrator of any covered plan that "fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant . . . within 30 days after such request" may be liable to the participant "in the amount of up to $100 a day from the date of such failure or refusal." 29 U.S.C. § 1132(c)(1)(B). ERISA further

provides that the plan administrator "shall, upon written request of any participant . . . furnish a copy of . . . the latest annual report." 29 U.S.C. § 1024(b)(4).

The facts alleged in Guitard's complaint are sufficient to establish that A.R. Couture is liable under 29 U.S.C. § 1132(c)(1). Guitard has alleged that he made a written request for the missing annual statements, via counsel, to A.R. Couture by way of the October 27, 2023 letter. He has further alleged that A.R. Couture failed to furnish copies of the requested statements within 30 days. Guitard also plausibly alleges that the Plan is covered by ERISA, and that A.R. Couture is the Plan administrator. These allegations are sufficient to state a claim.

III.    A.R. Couture Had Fair Notice of its Opportunity to Object

A.R. Couture filed a waiver of service in this action, which, among other things, contained an explicit affirmation that A.R. Couture received notice of Guitard's complaint and that it understood its obligation to file a responsive pleading within 60 days. Doc. no. 3. While that filing alone is sufficient to establish that A.R. Couture had fair notice, A.R. Couture has subsequently received additional notice of both the entry of default (see doc. no. 7) and the motion for default judgment (see doc. no. 4). Despite this additional notice, A.R. Couture has failed to make a single filing on the docket apart from the waiver of service.

IV.    Guitard's Requested Relief Against A.R. Couture is Appropriate

Guitard's request for damages in the amount of $45,000 is reasonable and appropriate under the circumstances. Guitard calculates the requested damages by

computing the number of days that elapsed between the passage of the 30-day deadline under 29 U.S.C. § 1132(c)(1), which took place on November 26, 2023, and the filing of the motion for default judgment, which took place on February 18, 2025. Guitard then multiplied the number of days—450—by the maximum daily statutory damages amount established in 29 U.S.C. § 1132(c)(1)—$100. While ERISA establishes only a maximum ceiling on damages for failure respond to a request for documents, it is within the court's discretion to assess damages up to the maximum amount allowed under the statute. McDonough v. Aetna Life Ins. Co., 783 F.3d 374, 383 (1st Cir. 2015) ("The statutory. . . maximum is a ceiling on the amount of any daily penalty that may be imposed. . . . the amount of the penalty has been left by Congress to the sound discretion of the district court."). Here, damages in the amount of $100 per day are appropriate given: (1) the considerable length of the delay (which is, to the court's knowledge, ongoing); (2) the fact that Guitard has a pressing need for the missing statements, because he needs them to understand the amount he is entitled to as a participant in the Plan; (3) the fact that A.R. Couture has engaged in a pattern of actions that could support a reasonable inference of dilatory intent; and (4) the fact that A.R. Couture has offered no explanation or defense for the delay. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 848 (2d Cir. 2013) (identifying length of delay, prejudice to beneficiary, and evidence of bad faith as appropriate factors for consideration in determining penalty under § 1132(c)(1)).

Guitard's request for an order requiring that A.R. Couture provide the missing annual Plan statements and participant account statements is also reasonable and appropriate. ERISA provides that, in addition to damages, the court may "in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1)(B). Guitard requires the missing statements to understand the amount to which he is entitled as a participant in the plan, and thus, an order requiring their provision is appropriate in addition to the imposition of statutory damages.[4]

## V.    Guitard is Entitled to an Award of Reasonable Attorney Fees

ERISA provides that a court may, in its discretion, award reasonable attorney fees and costs to either party in an action under the statute. See Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73, 76 (1st Cir. 2014); 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter. . .  the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."). To be eligible for an award of attorney fees, a party must "show some degree of success on the merits." Gastronomical Workers Union Loc. 610 & Metro. Hotel Ass'n Pension Fund v. Dorado Beach Hotel Corp., 617 F.3d 54, 66 (1st Cir. 2010) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010)). "The favorable result must be more than a 'trivial success' or a 'purely procedural victory.'" Gross, 763 F.3d at 77 (quoting Hardt, 560 U.S. at 255). An "outcome that produces some

---

[4] Guitard's request for Arthur Couture to be held personally liable for damages is not within the court's power to grant because Arthur Couture is not a defendant in this action.

meaningful benefit for the fee-seeker" is sufficient to establish the requisite degree of success. Id. (quoting Gastronomical Workers Union, 617 F.3d at 66). Here, Guitard has prevailed by obtaining the entirety of the relief sought in his complaint and is thus eligible for an award of attorney fees under 29 U.S.C. § 1132(g)(1).

The First Circuit has articulated several "exemplary rather than exclusive" factors that district courts can consider in exercising their discretion to award attorney fees under 29 U.S.C. § 1132(g)(1):

> (1) the degree of culpability or bad faith attributable to the non-movant;
> (2) the capacity of the non-movant to pay the award;
> (3) the extent to which the award requested would provide general deterrence to other parties;
> (4) the benefit that the movant's success in her action has for other plan participants or beneficiaries; and
> (5) the relative merits of the parties' positions.

Cook v. Liberty Life Assur. Co. of Bos., 334 F.3d 122, 124 (1st Cir. 2003) (quoting Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996), abrogated on other grounds by Hardt, 560 U.S. at 242). The first, third, and fifth factors weigh in favor of an award of attorney fees. Guitard has been asking A.R. Couture to provide documents to which he is entitled under ERISA for several years, first on his own, and then through counsel. Despite the fact that A.R. Couture's registered agent repeatedly assured Guitard's counsel from December 2023 through September 2024 that the missing statements would be forthcoming, the statements still (to the court's knowledge) have not been provided. The connection between A.R. Couture's failure to provide the statements prior to the involvement of counsel, the pattern of delay in response to Guitard's request via

counsel, and the failure to respond in this action, show both a high degree of culpability on A.R. Couture's behalf and that the relative merits favor Guitard.

Further, an award of fees, on these facts, would help to deter other plan administrators from seeking to avoid accountability under ERISA by failing to respond to proper requests and lawsuits. Regarding the fourth factor, other members of the Plan stand to benefit from Guitard's success in this action, because other plan members will benefit from A.R. Couture's performance of the Plan census that will presumably be necessary to comply with the court's order. Of the five relevant factors, only the second factor is neutral, as the court has no information regarding A.R. Couture's capacity to pay an award. Given the foregoing considerations, an award of reasonable attorney fees is merited.

VI.    The Court Lacks Sufficient Information to Determine the Amount of Attorney Fees to be Awarded

While the court is satisfied that an award of attorney fees to Guitard is merited, Guitard has not provided sufficient information from which the court can determine the amount of that award. The court may award fees under the "lodestar method"—whereby the award is generated by calculating "the product of the hours reasonably worked times the reasonable hourly rates." Gross, 763 F.3d at 86 (quoting Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014)).

Guitard is thus directed to file an affidavit with the court that contains the information necessary for the court to determine the amount of attorney fees to be awarded under the lodestar method.

## CONCLUSION

Guitard's motion for default judgment (doc. no. 4) is hereby granted. The clerk is directed to enter judgment in favor of Guitard for $45,000, and A.R. Couture is hereby ORDERED to provide Guitard with annual Plan statements and individual participant account statements for the Plan years ending April 30, 2016; April 30, 2017; April 30, 2018; April 30, 2019; April 30, 2022; and April 30, 2023. Guitard is hereby directed to file an affidavit with the court containing sufficient information to determine the amount of attorney fees to be awarded.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 22, 2025

cc:    Counsel of Record

12